Justice Scalia,
concurring in the judgment.
I agree with the Court that Carachuri-Rosendo’s 2005 conviction for simple possession of a tablet of Xanax in violation of Texas law is not a conviction for an “aggravated felony” under 8 U. S. C. § 1101(a)(43)(B). But my reasoning is more straightforward than the Court’s, and so I concur only in the judgment.
Under the Immigration and Nationality Act, the Attorney General may cancel the removal of an alien from the United States provided the alien “has not been convicted of any aggravated felony.” § 1229b(a)(3). There is no statutory definition of “convicted,” but a “conviction” is defined to *583 mean a “formal judgment of guilt of the alien entered by a court.” § 1101(a)(48)(A). The term “aggravated felony” includes, among many other offenses, “a drug trafficking crime (as defined in [18 U. S. C. § 924(c)]).” § 1101(a)(43)(B). A “drug trafficking crime” is in turn defined as “any felony punishable under the Controlled Substances Act.” 18 U. S. C. § 924(c)(2).
It could be concluded from the provisions discussed above that only a federal conviction for a felony offense under the Controlled Substances Act would qualify under 8 U. S. C. § 1101(a)(43)(B). But the penultimate sentence in § 1101(a)(43) provides that the statutory definition of “aggravated felony” “applies to an offense described in this paragraph whether in violation of Federal or State law.” This language, we have said, confirms that “a state offense whose elements include the elements of a felony punishable under the [Controlled Substances Act] is an aggravated felony.” Lopez v. Gonzales, 549 U. S. 47, 57 (2006).
The conceptual problem in the present case is that the only crime defined by 21 U. S. C. § 844(a) of the Controlled Substances Act, simple possession of prohibited drugs, is a misdemeanor. That misdemeanor becomes a “felony punishable under the Controlled Substances Act” only because the sentencing factor of recidivism authorizes additional punishment beyond one year, the criterion for a felony. We held in Almendarez-Torres v. United States, 523 U. S. 224 (1998), that recidivism can constitutionally be made a sentencing factor rather than an element of the crime, despite the fact that it is used to increase the allowable sentence. And we said in Lopez that a “state possession crim[e] that correspond[s] to” the “felony violatio[n]” of “recidivist possession” in § 844(a) “clearly fall[s] within the definitions used by Congress in . . . §1101(a)(43)(B) and . . . § 924(c)(2).” 549 U. S., at 55, n. 6.
But to say all that is not to say that an alien has been “convicted of” an aggravated felony (which is what § 1229b(a)(3) requires) when he has been convicted of nothing *584 more than a second state misdemeanor violation, the punishment for which could, because of recidivism, be extended beyond one year. Just because, by reason of Almendarez-Torres, the federal misdemeanor offense has been raised to a felony offense without changing its elements, solely by increasing its penalty pursuant to a recidivist “sentencing factor”; it does not follow that when the question is asked whether someone has been “convicted of” a state offense that “corresponds” to the federal misdemeanor-become-felony, the answer can be sought in sentencing factors. A defendant is not “convicted” of sentencing factors, but only of the elements of the crime charged in the indictment. In other words, a misdemeanor offense with a sentencing factor that raises its punishment to the felony level qualifies for purposes of establishing the elements of a “felony punishable under the Controlled Substances Act”; but does not qualify for purposes of determining what elements the alien has been “convicted of.”
Here, Carachuri-Rosendo was only “convicted of” the crime of knowing possession of a controlled substance without a valid prescription, a class A misdemeanor under Texas law. Tex. Health & Safety Code Ann. §§ 481.117(a) and (b) (West Supp. 2009). Since the elements of that crime did not include recidivism, the crime of his conviction did not “correspond” to the Controlled Substances Act felony of possession-plus-recidivism under 21 U. S. C. § 844(a).
For these reasons, I concur in the judgment.